Ethan Forrest (State Bar No. 286109)
eforrest@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-7008
Facsimile: (415) 955-6511

Attorney for Plaintiff
THE AMERICAN AUTOMOBILE ASSOCIATION, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> AAA AUTOBODY SHOP (a.k.a. AAA AUTO BODY & PAINT, AAA AUTOBODY & PAINT SHOP, AND AAA QUALITY AUTO BODY & PAINT, INC.) AND NOORULLAH HABIB, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Plaintiff, The American Automobile Association, Inc. ("AAA"), brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants AAA Autobody Shop (a.k.a. "AAA Auto Body & Paint," "AAA Autobody & Paint Shop," and "AAA Quality Auto Body & Paint, Inc."; hereinafter, "AAA Autobody Shop") and Noorullah Habib (collectively "Defendants"). AAA alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 15 U.S.C. §§ 1121 and 1125(d) and under 28 U.S.C. §§ 1331, 1337, and 1338. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

COMPLAINT  1

2. On information and belief, Defendants are subject to personal jurisdiction within the Eastern District of California because Defendants conduct business and reside in this District.

3. Venue is proper under 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of California.

**NATURE OF THE ACTION**

4. This is an action for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and California common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), California statute, California Business & Professions Code § 14247, and common law; and for unfair trade practices in violation of the California Unfair Competition Law, California Business & Professions Code § 17200, *et seq.*

5. This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Specifically, Defendants have used and continue to use the AAA Marks in connection with their operation of an automobile repair and paint shop, AAA Autobody Shop, without authorization and with full knowledge that they are not authorized to use those marks.

6. This action further arises out of Defendants' use of the domain name AAAAUTOBODYSHOP.COM with the bad faith intent to profit from AAA's famous and distinctive marks. Specifically, even though Defendants have no right or interest in the AAA name, Defendants have used the AAAAUTOBODYSHOP.COM domain name to host a website that advertises their automobile repair services.

7. Defendants' unlawful use of the AAA Marks is likely to cause—and in fact already may have caused—consumers to believe, erroneously, that AAA has endorsed Defendants' services, jeopardizing the goodwill and tarnishing the reputation associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of

AAA, and unjustly enriching Defendants.

8. Defendants' unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks and thus have diluted the distinctive quality of the Marks.

9. In addition, on information and belief, Defendants have profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the Marks in California and elsewhere to their benefit and to the detriment of AAA and of consumers, in violation of the laws set forth above.

## PARTIES

10. Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida. AAA provides its more than 50 million members with products and services throughout the United States and Canada, including in California. AAA's services include travel and automobile products and services (including automobile repair services at its AAA Car Care Centers and through AAA Approved automobile repair businesses), financial advice, insurance and warranty coverage, and discounts. AAA provides its products and services through local AAA member clubs, including AAA Northern California, Nevada & Utah.

11. On information and belief, AAA Autobody Shop is a business operating under the laws of California, with a principal place of business at 5135 Ellsworth Road, Vacaville, California 95688-9408. AAA Autobody Shop offers automobile repair and paint services in the Vacaville, California area.

12. On information and belief, Defendant Noorullah Habib is the owner of AAA Autobody Shop and resides at 542 Coyote Hills Court, Vacaville, California 95688-8752.

## FACTS ENTITLING AAA TO RELIEF

**A.   AAA's Widespread and Substantial Use of Its Registered AAA Marks**

13. Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations. That reputation is based largely on the quality and reliability of the products and services it offers through its AAA local clubs.

14. Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter. It established itself almost immediately as an advocate for travel safety and road improvement. Today, AAA offers a broad range of products and services, including but also going beyond automobiles and travel.

15. AAA has invested resources, including for advertising campaigns and promotional efforts, to develop and foster the reputation, recognition, and goodwill associated with its products and services.

16. AAA has used and continues to use the AAA Marks and logo designs in interstate commerce to identify its products and services. As a result of this use, the AAA Marks have become famous in the United States, including in California, and throughout the world in connection with these products and services.

17. Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks. Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain a reputation for quality, integrity, and reliability.

18. As a result of AAA's provision of quality products and the continuous advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired value and fame in the United States and throughout the world. Specifically, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services; indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

19. AAA and its local clubs have registered AAA-related domain names and maintain Internet websites through which AAA Members and the general public may obtain information and, in some cases, purchase or use products and services (the "AAA Websites"). The AAA Websites were created and operate to attract members and customers, encourage their

interest in AAA and its local clubs, and offer products and services.

20. AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 100 trademarks, including Marks that AAA has used since at least 1902, in connection with the products and services offered to its members. The federal registrations Defendants are violating include:

  a) Reg. No. 829,265, for the AAA Mark, used in connection with automobile association and emergency roadside services;

  b) Reg. No. 1,449,079, for the AAA APPROVED AUTO REPAIR Mark & Design, used in connection with automobile repair services; and

  c) Reg. No. 2,158,654, for the AAA Mark & Design, used in connection with automobile association and emergency roadside services.

Copies of the registration certificates for the above marks are available on the USPTO website: http://www.uspto.gov.

21. Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

**B.     Defendants' Unlawful Use of Plaintiff's AAA Marks**

22. AAA never authorized Defendants to use its AAA Marks or the AAAAUTOBODYSHOP.COM domain name.

23. Nevertheless, on information and belief, Defendants have knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the business name AAA Autobody Shop after Plaintiff's AAA Marks had become famous in California, the United States, and abroad.

24. Furthermore, Defendants have knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the AAAAUTOBODYSHOP.COM domain name, which fully incorporates AAA's Marks, after

Plaintiff's AAA Marks had become famous in California, the United States, and abroad.

25. On information and belief, the AAAAUTOBODYSHOP.COM domain name has been used to host a website advertising the services of AAA Autobody Shop.

26. According to the WHOIS registry, the domain name AAAAUTOBODYSHOP.COM is registered to wServe Inc.

27. In or around July 2015, AAA learned that Defendants were using the domain name AAAAUTOBODYSHOP.COM to host a website advertising automobile repair and paint services in the Vacaville area under the business name AAA Autobody Shop.

28. On July 30, 2015, and October 19, 2015, AAA sent letters by electronic and certified mail to Defendants' principal place of business, requesting that Defendants discontinue all use of the AAA Autobody Shop business name and mark, of the disputed domain name, and of any other confusingly similar domain names or marks.

29. Defendants did not reply and continued to use the AAAAUTOBODYSHOP.COM domain name and the AAA Marks.

30. On November 23, 2015, and December 9, 2015, AAA sent letters by electronic mail, certified mail, and registered foreign mail to the registrant, wServe Inc., and registrar, DomainPeople, of the domain name AAAAUTOBODYSHOP.COM, notifying them that the registration and use of the domain name, and the business whose products and services were advertised on the domain name, all infringed AAA's Marks.

31. On December 9, 2015, wServe Inc. notified Plaintiff that it had disabled AAA Autobody Shop's website until AAA Autobody Shop provides a disclaimer on its website stating it is not associated with AAA.

32. AAA neither requested nor approved such a disclaimer and does not believe that a disclaimer can adequately address its concerns as to likelihood of confusion.

33. On information and belief, at the time Defendants' infringing use of the AAA Marks began and at all times afterward, Defendants have known, or had reason to know, of AAA's rights in the AAA Mark, and have at all times known, or had reason to know, that those marks are famous and valuable.

34. On information and belief, at the time Defendants began using the AAAAUTOBODYSHOP.COM domain name, they knew: (a) that the AAAAUTOBODYSHOP.COM domain name was likely to cause confusion among consumers, in that consumers who want online information about AAA's automobile repair services would likely assume, erroneously, that such information could be found at Defendants' AAAAUTOBODYSHOP.COM website, and (b) that such consumers would go to Defendants' AAAAUTOBODYSHOP.COM website because of this mistaken belief.

35. On information and belief, Defendants' use of the AAAAUTOBODYSHOP.COM domain name has diverted Internet traffic from Plaintiff's AAA Websites, has caused confusion among consumers attempting to reach Plaintiff's AAA Websites, and has frustrated consumers' efforts to reach Plaintiff's AAA Websites.

36. Furthermore, on information and belief, if Defendants reinstate their website under the domain name AAAAUTOBODYSHOP.COM, that domain name is likely to continue to divert Internet traffic from Plaintiff's AAA Website, continue to cause confusion among consumers attempting to reach Plaintiff's AAA Websites, and continue to frustrate consumers' efforts to reach Plaintiff's AAA Websites.

37. Indeed, consumers seeking to reach a website affiliated with or endorsed by AAA may instead find Defendants' website and never reach a AAA website.

38. On information and belief, Defendants knowingly and for profit engaged in the infringing use to attract consumers, knowing that consumers would wrongly believe that the use was sponsored or endorsed by, or associated or affiliated with, AAA. Indeed, this use already may have caused confusion among consumers.

39. Defendants' infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

40. Defendants' infringing use has lessened, and will continue to lessen, the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA and, thus, dilute the distinctive quality of Plaintiff's AAA Marks.

41. Further, on information and belief, Defendants' infringing use has been and continues to be of commercial value to Defendants.

42. For the foregoing reasons, Defendants' infringing use has caused, and will likely continue to cause, injury to AAA and to the goodwill and value of its AAA Marks.

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT
## (LANHAM ACT § 32, 15 U.S.C. § 1114)

43. AAA incorporates by reference all of the preceding paragraphs.

44. Defendants' infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' services in a manner likely to cause confusion, mistake, and deception.

45. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

46. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

47. On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## SECOND CLAIM FOR RELIEF:
## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (LANHAM ACT § 43(a), 15 U.S.C. § 1125(a))

48. AAA incorporates by reference all of the preceding paragraphs.

49. Defendants' infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin,

sponsorship, or approval by AAA of services promoted by Defendants. This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

50. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

51. Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

52. On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## THIRD CLAIM FOR RELIEF:
## FEDERAL TRADEMARK DILUTION
## (LANHAM ACT § 43(c), 15 U.S.C. § 1125(c))

53. AAA incorporates by reference all of the preceding paragraphs.

54. Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by tarnishing the good reputation associated with the AAA Marks and seeking to derive a commercial benefit from the value and goodwill associated with the AAA Marks.

55. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

56. Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

## FOURTH CLAIM FOR RELIEF:
## CALIFORNIA TRADEMARK DILUTION
## (CAL. BUS. & PROF. CODE § 14247)

57. AAA incorporates by reference all of the preceding paragraphs.

58. Defendants' infringing use violates California Business & Professions Code § 14247: (i) Plaintiff's AAA Marks are famous in California; (ii) Plaintiff's AAA Marks were famous at the time of Defendants' infringing use; (iii) Defendants' infringing use is intended to derive a commercial benefit from AAA's already famous and distinctive Marks; and (iv) Defendants' infringing use is likely to injure AAA's business reputation and/or dilute the distinctive value and goodwill associated with AAA's Marks, causing damages to AAA.

59. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

60. Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## **FIFTH CLAIM FOR RELIEF:**
## **CALIFORNIA UNFAIR COMPETITION**
## **(CAL. BUS. & PROF. CODE § 17200)**

61. AAA incorporates by reference all of the preceding paragraphs.

62. Defendants' infringing use violates California Business & Professions Code § 17200, *et seq.*, because it constitutes unfair, unlawful, and fraudulent conduct.

63. Defendants' conduct is unfair in violation of Section 17200 because it allows Defendants to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with AAA and AAA's goods and services. As described herein, and on information and belief, Defendants have violated, and continue to violate, AAA's rights in the AAA Marks in order to enjoy the commercial benefits derived there from.

64. Defendants' conduct is unlawful in violation of Section 17200 because it violates, among others, Sections 32, 43(a), and 43(c) of the Lanham Act, 15 U.S.C. § 1114, 1125(a) and (c), California Business & Professions Code Section 14247, and California common law.

65. Defendants' conduct is fraudulent in violation of Section 17200 because this conduct is likely to deceive, and may already have deceived, the general public as to whether

the Defendants' services are approved or endorsed by, or are otherwise affiliated with, AAA. As a direct and proximate result of Defendants' unauthorized use of the AAA Marks, members of the general public may have mistakenly believed, and will likely continue to believe, that these services are approved or endorsed by, or otherwise affiliated with, AAA.

66. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

67. Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

68. On information and belief, Defendants have received substantial revenues and profits as a result of their unlawful conduct, to which Defendants are not entitled, and AAA has suffered damages as a result of such unlawful conduct for which Defendants are responsible.

69. As a direct, proximate, and foreseeable result of the Defendants' wrongful conduct, AAA has been injured and has lost, and continues to lose, income it otherwise would have received from its customers. AAA is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of such unfair business acts or practices.

## SIXTH CLAIM FOR RELIEF:
## COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

70. AAA incorporates by reference all of the preceding paragraphs.

71. Defendants' unauthorized use of the AAA Marks constitutes trademark infringement and unfair competition under California common law. AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by AAA.

72. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

73. Defendants' unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the conduct, further injuring AAA and confusing the public.

74. On information and belief, Defendants have received substantial revenues and profits as a result of its unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct for which Defendants are responsible.

## SEVENTH CLAIM FOR RELIEF:
## COMMON LAW TRADEMARK DILUTION

75. AAA incorporates by reference all of the preceding paragraphs.

76. Defendants' unauthorized use of the AAA Marks constitutes trademark dilution under California common law. Defendants' use began after Plaintiff's AAA Marks became famous and creates a likelihood of association with Plaintiff's famous AAA Marks because they are identical to, or nearly identical to, Plaintiff's marks. Defendants' acts are likely to cause dilution by blurring by impairing the distinctive quality of Plaintiff's famous AAA Marks. Moreover, Defendants' unauthorized use of the AAA Marks in commerce is likely to cause dilution by tarnishment. Specifically, Defendants' use of the AAA Marks to advertise a business that is not authorized by AAA may harm consumers' opinions of, and reliance on, the AAA Marks if the goods and services do not satisfy AAA's exacting criteria for quality and reliability.

77. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

78. Defendants' violation of the common law of California has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

**PRAYER FOR RELIEF**

WHEREFORE, AAA respectfully seeks the following relief:

1. Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

   a) Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

   b) Using multiple combination letter "A's" in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2. Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationary, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3. Require Defendants to abandon, cancel, delete, and/or withdraw, with prejudice, any U.S. or state trademark applications or registrations that contain the AAA Marks, or any other confusingly similar name, logo, or mark;

4. Require Defendants to cancel or amend any business name, trade name, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, registrations for AAA Autobody

Shop, AAA Auto Body & Paint, AAA Autobody & Paint Shop, and AAA Quality Auto Body & Paint, Inc.;

5. Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. Require Defendants to cease using the AAAAUTOBODYSHOP.COM domain name, and any other domain names in their control that contain the AAA Marks, and to transfer ownership of those domain names to AAA;

7. Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

8. Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks pursuant to 15 U.S.C. § 1117;

9. Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and California law;

10. Award prejudgment interest on all liquidated sums; and

11. Award such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | December 17, 2015 | COVINGTON & BURLING LLP |
| 2 | | |
| 3 | | By:  /s/ Ethan Forrest  <br>        Ethan Forrest |
| 4 | | Attorney for Plaintiff |
| 5 | | THE AMERICAN AUTOMOBILE ASSOCIATION, INC. |

Of Counsel:

Neil K. Roman, Esq.
Ronald G. Dove, Esq.
Natasha N. Wilson, Esq.
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street NW
Washington, D.C., 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291