UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., | No. 2:15-cv-2619 MCE CKD |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| AAA AUTOBODY SHOP, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

      Calendared for hearing on July 13, 2016 is plaintiff's motion for default judgment. Because oral argument is not of material assistance, the hearing will be vacated and this matter will be submitted on the briefs. E.D. Cal. L.R. 230(g). The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

      In this action, plaintiff alleges claims for trademark infringement, false designation of origin, and unfair competition. The record reflects that defendant Habib was properly served on December 23, 2015 and defendant AAA Autobody Shop was properly served on March 2, 2016. ECF Nos. 4, 8. Default against defendants was entered on February 18, 2016 and March 28, 2016. ECF Nos. 7, 10. In the motion for default judgment, plaintiff seeks injunctive relief and an award of costs.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The application for default judgment and the exhibits and affidavits attached thereto also support the finding that plaintiff is entitled to injunctive relief as set forth in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). Plaintiff is also entitled to costs as provided under Federal Rule of Civil Procedure 54(d)(1) (costs "should be allowed to the prevailing party") and 15 U.S.C. § 1117(a) ("When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, . . . subject to the principles of equity, to recover . . . the costs of the action."). There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

For the foregoing reasons, IT IS HEREBY ORDERED that the hearing date of July 13, 2016 is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 11) be granted.

2. Final judgment be entered in favor of plaintiff AAA against defendants AAA Autobody Shop and Noorullah Habib, jointly and severally, in the amount of $1,064.56.

3. Pursuant to the Court's authority under 15 U.S.C. § 1116(a), defendants, their agents, servants, employees, attorneys, and any and all persons in active concert or participation with any of them, be permanently enjoined and restrained from:

/////

        a) Using without the authorization of AAA any of AAA's trademarks, logos, and trade names, including, but not limited to, the designations "AAA," "AAA Approved," "AAA Approved Auto Repair," or any other name, logo, or mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's trademarks, logos, and trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, website, or email address, on or in relation to any goods or services sold or provided by the defendants, or in any other manner; and

        b) Using the AAA Marks in any form or manner that would tend to identify or associate defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner.

    3. Pursuant to 15 U.S.C. § 1118, defendants be ordered, within five (5) days of entry of this Final Judgment and Permanent Injunction, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationary, Internet content, websites, email addresses, computer files, software, and any other items in their possession or control that contain the infringing designations "AAA," or any term, symbol, or logo confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all computer back-up files and tapes, plates, molds, matrices, masters, and other means in their possession or control of making any of those infringing items.

    4. Pursuant to 15 U.S.C. § 1116(a), within thirty (30) days of entry of the Final Judgment and Permanent Injunction, defendants be ordered to file with the Court and serve on AAA a report in writing, under oath, setting forth in detail the manner in which defendants have complied with the injunction.

    5. This Court retain jurisdiction over this action for the purpose of supervising defendants' compliance with this Permanent Injunction, which may be enforced in this Court or in a court of competent jurisdiction in any location where Defendants may be found.

/////

1   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 17, 2016

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 aaa2619.def

4